952 F.2d 395
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Linval BARRETT, Petitioner,
v.
U.S. IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 91-1154.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 11, 1991.
Decided Jan. 3, 1992.
 
 On Petition for Review of an Order of the Board of Immigration Appeals (A30-720-387).
 Linval Barrett, petitioner pro se.
 Stewart Deutsch, Mark C. Walters, United States Department of Justice, Washington, D.C., for respondent.
 BIA
 PETITION DENIED.
 Before WIDENER and K.K. HALL, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Linval Barrett petitions for review of a decision of the Board of Immigration Appeals ordering that Barrett be deported from the United States. We deny Barrett's petition because it was untimely filed.
 
 
 2
 Mr. Barrett is a native and citizen of Jamaica admitted to the United States in 1974 as a permanent resident. He is presently in the custody of the Commonwealth of Virginia incident to an armed robbery conviction. In 1981, Barrett was convicted of distribution of a controlled substance, a deportable offense. At his deportation hearing in 1989, Barrett conceded his deportability, and applied for a waiver of inadmissability. Barrett's application was denied, and the immigration judge ordered him deported. Barrett's appeal to the Board of Immigration Appeals was dismissed on July 27, 1989.
 
 
 3
 Barrett, represented by counsel, timely filed a petition with this Court that he be granted a waiver of deportability pursuant to § 212(c) of the Immigration and Nationality Act. 8 U.S.C. § 1182(c) (1988). Finding that the Board of Immigration Appeals did not act arbitrarily or capriciously in affirming the decision of the immigration judge, this Court denied Barrett's petition in an unpublished per curiam opinion. See Barrett v. United States Immigration & Naturalization Serv., No. 89-1587 (4th Cir. Nov. 21, 1990) (unpublished). Barrett subsequently filed a pro se petition for rehearing, which was denied as untimely. On July 19, 1991, Barrett filed the pending pro se action, styled as a petition for review pursuant to § 212(c), asserting once again that the Board of Immigration Appeals acted arbitrarily and capriciously, that since the deportation hearing circumstances in Barrett's home country have changed substantially effecting the balance of the equities, and that the Board of Immigration Appeals failed to take into consideration evidence of Barrett's rehabilitation.
 
 
 4
 Without indicating awareness of this Court's earlier ruling, the United States moved to dismiss Barrett's petition on the ground that it was filed after the expiration of a mandatory six-month statutory time period for filing petitions for review. See 8 U.S.C. § 1105a(a)(1) (1988). Barrett has filed a motion to file a supplemental pleading which would allege ineffective assistance of counsel, lack of a legal library or institutional attorney to assist him in this action, and that he was "recently able to obtain information relevant to his action which he was not aware of at the time which he filed for relief with this Honorable Court." However, Barrett did not file a supplemental pleading after having been granted an opportunity to do so. Barrett has also filed a motion to expedite these proceedings.
 
 
 5
 It is clear that this Court may no longer entertain this action as a petition for review under 8 U.S.C. § 1105a. Barrett's petition for review is untimely, depriving this court of jurisdiction. See Oum v. Immigration and Naturalization Serv., 613 F.2d 51, 53 (4th Cir.1980). Because we do not have jurisdiction to consider Barrett's petition, we do not reach the issue of whether the petition is also precluded under the doctrine of res judicata. Id. at 53 n. 2. See also Keith v. Aldridge, 900 F.2d 736, 739-40 (4th Cir.), cert. denied, 59 U.S.L.W. 3276 (U.S.1990).
 
 
 6
 We therefore grant Barrett's motion to expedite these proceedings to the extent that the appeal was considered as quickly as possible given the Court's caseload and grant the United States' motion for dismissal with respect to Barrett's cause of action under 8 U.S.C. § 1105a(a)(1).* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 PETITION DENIED.
 
 
 
 *
 Barrett's arguments concerning changed family circumstances in his home country would be more properly presented in a motion to reopen pursuant to 8 C.F.R. §§ 3.8; 103.5; 242.22 (1991). Claims of constitutional violations in deportation proceedings may be raised under 28 U.S.C. § 2241 (1988). See 8 U.S.C. § 1105a(a)(10) (West Supp.1991). But see 8 U.S.C. § 1105a(c) (1988)